UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

HUMPHREYS FAMILY LIMITED
PARTNERSHIP, a Texas Limited
Partnership, and EMMY S.
BLECHMANN REVOCABLE TRUST,

                   Plaintiffs,

    v.

UNITED STATES OF AMERICA,
               Defendant.

Case No. 4:21-CV-00109-DKG

**MEMORANDUM DECISION AND
ORDER RE: MOTION TO DISMISS
(Dkt. 23)**

Pending before the Court are Defendant's Motion to Dismiss Amended Complaint and Plaintiffs' Motion to Exclude Matters Outside the Pleadings (Dkts. 24, 27). All parties have consented to the exercise of jurisdiction by a United States Magistrate Judge. (Dkt. 10). The Court held oral argument and took the motions under advisement. For the reasons that follow, the Court will grant Defendant's Motion to Dismiss and will afford Plaintiffs leave to amend their claims.

## BACKGROUND

Plaintiffs Humphreys Family Limited Partnership and Emmy S. Blechman Revocable Trust filed this action seeking to quiet title to easements in ditches and diversions crossing federal land within the Sawtooth National Forest under the Quiet Title Act ("QTA"), 28 U.S.C. § 2409a.[1] (Dkt. 20). As to Claim One, Plaintiffs assert that their predecessors acquired an easement in the ditches from the United States upon the construction and appropriation of water as appurtenances to the land under the Desert Land Entry Act of 1877 ("Desert Land Act"). (*Id.* ¶ 28). Subsequently, Plaintiffs' predecessors applied for and obtained Desert Land Entry Patents, which Plaintiffs allege vested permanent title to all appurtenances to the land under Idaho law, including the Champion Creek ditches and diversions to which this suit seeks to quiet title. (*Id.* ¶¶ 31, 32). As to Claim Two, Plaintiffs assert that their predecessors obtained the right to access and maintain the Champion Creek ditches and diversions that cross federal land by virtue of the language contained in the deeds conveying the real property to the United States, and Idaho law. (*Id.* ¶¶ 35–36). Specifically, Plaintiffs assert that the property was expressly conveyed to the United States subject to Plaintiffs' rights of way and that under Idaho law, because a party acquiring land crossed by an existing ditch must take that property subject to a ditch owner's access rights, the United States took title subject to

---

[1] Defendants filed a single, identical motion to dismiss in two cases—*Humphreys Family Limited Partnership, et al. v. United States*, 4:21-CV-00109-DKG, and *White Cloud Ranch, LLC, et al. v. United States*, 4:21-CV-00110-DKG—as the claims at issue raise the same legal theory. Plaintiffs in both cases responded in kind by filing a singular, unified response. The Court will issue a separate memorandum decision and order in each case to ensure a clear record.

Plaintiffs' access rights. (*Id.* ¶¶ 37–38). Finally, as to Claim Three, Plaintiffs assert that

the 1891 Ditch Right of Way Act ("1891 Act") created a permanent grant of right-of-way

across government land upon construction of an irrigation ditch and the filing of a map of

that ditch with the Secretary of the Interior and the local land office. (*Id.* ¶¶ 43–44).

Plaintiffs assert that their predecessors' applications under the Desert Land Act also

satisfied the requirements for application under the 1891 Act. (*Id.* ¶ 45).

Defendant's Motion to Dismiss seeks to dismiss Claims One and Three for lack of

jurisdiction, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, and for

failure to state a claim for which relief may be granted, pursuant to Rule 12(b)(6). (Dkt.

23-1 at 1). The Court finds as follows.

## LEGAL STANDARD

### 1.  Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1)

Federal courts are courts of limited jurisdiction, possessing only those powers

granted by the Constitution and statute. *United States v. Marks*, 530 F.3d 799, 810 (9th

Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

The party asserting federal jurisdiction bears the burden of overcoming the presumption

against it. *Kokkonen*, 511 U.S. at 377. A party may move to dismiss for lack of subject

matter jurisdiction under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P.

12(b)(1). Additionally, a court may raise the question of subject matter jurisdiction *sua

sponte* at any time during an action. *United States v. Moreno-Morillo*, 334 F.3d 819, 830

(9th Cir. 2003). Regardless of who raises the issue, "when a federal court concludes that

it lacks subject matter jurisdiction, the court must dismiss the complaint in its entirety."

*Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citing 16 J. Moore et al., *Moore's Federal Practice* § 106.66[1], pp. 106-88 to 106-89 (3d ed. 2005)).

A Rule 12(b)(1) jurisdictional attack may be facial or factual. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). Here, Defendant presents a facial challenge to the Court's jurisdiction. (Dkt. 23-1 at 16.) In a facial attack, the challenging party "asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A court "resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Leite v. Crane Co.*, 749 F. 3d 1117, 1121 (9th Cir. 2014).

## 2.  Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a claim if the plaintiff has "fail[ed] to state a claim upon which relief can be granted." "A Rule 12(b)(6) dismissal may be based on either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (citation omitted). Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *See Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 554 (2007) (cleaned up). "This is not an onerous burden." *Johnson*, 534 F.3d at 1122.

A complaint "does not need detailed factual allegations," but it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). In deciding whether to grant a motion to dismiss, the court must accept as true all well-pleaded factual allegations made in the pleading under attack. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Dismissal of a complaint without leave to amend is inappropriate, however, unless it is clear that the complaint could not be saved by an amendment. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (noting that leave to amend should be granted "unless [the court] determines that the pleading[s] could not possibly be cured by the allegation of other facts").

## DISCUSSION

### 1.  Subject Matter Jurisdiction/Waiver of Sovereign Immunity

Because the waiver of sovereign immunity is paramount to the determination of this Court's jurisdiction under the QTA, the Court will address this issue first. Congress has provided subject matter jurisdiction and waived sovereign immunity for quiet title actions against the United States through the QTA. 28 U.S.C. § 2409a. Under the QTA, the United States may be named as a party defendant in a civil action to "adjudicate a disputed title to real property in which the United States claims an interest . . . ."

§ 2409a(a). "This statute 'provide[s] the exclusive means by which adverse claimants [can] challenge the United States' title to real property,' and applies to claims against the United States for rights of access, easements, and rights-of-way, as well as those involving fee simple interests." *Mills v. United States*, 742 F.3d 400, 405 (9th Cir. 2014) (quoting *Match–E–Be–Nash–She–Wish Band of Pottawatomi Indians v. Patchak*, __ U.S. __, 132 S.Ct. 2199, 2207 (2012)).

The QTA's waiver of sovereign immunity is expressly limited to the following specific conditions: (1) where plaintiffs "set forth with particularity" the "right, title, or interest claimed by the United States," and (2) where plaintiffs identify a "disputed title to real property in which the United States claims an interest." § 2409a(a), (d). "If either condition is absent, the [QTA] ... does not apply and the district court lacks jurisdiction to entertain the action." *Leisnoi, Inc. v. United States*, 170 F.3d at 1191. For title to be disputed under the QTA, the United States must have "adopted a position in conflict with a third party regarding that title." *See Mills*, 742 F.3d at 405.

"To operate as a waiver of sovereign immunity, the plain language of the statute requires the presence of two conditions: (1) 'the United States must claim an interest in the property at issue, and' (2) 'there must be a disputed title to real property.'" *Leisnoi*, 170 F.3d at 1191. With respect to the first prong, it is undisputed that the United States claims an interest in the property at issue, as the ditch easements are located on federal land.

With respect to the second prong, however, the amended complaint fails to allege facts establishing that disputed title exists. Paragraphs 26 through 28 allege the following:

Plaintiffs have come to understand that United States may assert the right to control Plaintiffs' use of water on Plaintiffs' land under Plaintiffs' water rights by exercising dominion and control over and limiting access to the point of diversion and the ditches that cross Defendant's land, contrary to law.

The Forest Service has taken the position that only the Court can determine the legal rights of the parties to these real property interests. Accordingly, it has become necessary for Plaintiffs to seek a determination from this Court of their rights with respect to the Champion Creek diversions, ditches and access routes located on and across Defendant's land.

Because of this actual live controversy, Plaintiffs bring this quiet title action to establish title in Plaintiffs to the Champion Creek ditches, diversions and rights of access in a form of permanent easements and rights-of-way.

(Dkt. 20 ¶¶ 26-28).

On its face, the pleading asserts only that the United States may adopt a position in conflict with Plaintiffs' regarding title to the Champion Creek ditches, diversions, and rights-of-access. Nowhere in their pleading have Plaintiffs alleged any facts indicating that the Government currently disputes title to the ditch easements. Instead, the amended complaint merely alleges that Plaintiffs have "come to understand that United States **may** assert the right to control" Plaintiffs' use and access to these ditches and that Plaintiffs are seeking a determination of their legal rights. (*Id.* ¶ 26). However, the possibility of a future claim or dispute of title does not satisfy the jurisdictional requirement for a waiver of sovereign immunity. *See Alaska v. United States*, 201 F.3d 1154, 1164-65 (9th Cir. 2000) (holding that "whatever dispute there may be … ha[d] not yet occurred" because the United States reserved the right to assert its interest "at some time" in the future). During oral argument, Plaintiffs asserted that they became aware of the existence of disputed title sometime in 2019, when the United States Forest Service asserted in

another case that they intended to limit and/or restrict Plaintiffs' access to their ditch easements. Such allegations, if appropriately pled, could possibly cure these jurisdictional concerns.

Additionally, Plaintiffs' assertion that the Forrest Service has taken a position that only the court is able to determine the parties' rights does not demonstrate disputed title. *See Kane Cty., Utah v. United States*, 772 F.3d 1205, 1213–14 (10th Cir. 2014) (noting that ambiguity over the legal status of real property "is insufficient to constitute 'disputed title' under § 2409a(a)"). Finally, the Court is not "required to accept as true" Plaintiffs' "merely conclusory" allegation that there is an "actual live controversy." *Sprewell*, 266 F.3d at 988.

For these reasons, the Court finds that the amended complaint fails to allege facts necessary to invoke this Court's subject matter jurisdiction. *See Kokkonen*, 511 U.S. at 377. As such, the Court cannot reach the remaining issues raised in Defendant's Motion to Dismiss or in Plaintiffs' Motion to Exclude until it is satisfied that it has subject matter jurisdiction over Plaintiffs' claims. The Court will therefore grant Defendant's Motion and dismiss Plaintiffs' claims without prejudice.

## 2.  Leave to Amend

Plaintiffs will, however, be afforded leave to amend their complaint to cure these jurisdictional deficiencies, as doing so would not be futile and would serve to further the interests of justice. Rule 15(a)(2); *see also Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Moreover, given the early stage of this case, Defendant will suffer no undue delay

or prejudice as a result of further amendment. Plaintiffs shall file their second amended complaint on or before June 13, 2022.

### **ORDER**

NOW THEREFORE IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (Dkt. 23) is **GRANTED** as follows:

1. Plaintiff's Amended Complaint is **DISMISSED WITHOUT PREJUDICE.**

2. Plaintiffs may file a second amended complaint on or before June 13, 2022.

3. Plaintiffs' Motion to Exclude (Dkt. 27) is deemed moot.

IT IS SO ORDERED.

DATED: May 13, 2022

Honorable Debora K. Grasham
United States Magistrate Judge